IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

RONALD E. JENKINS  \*
SHARON JENKINS
7506 Georgian Dr.  \*
Upper Marlboro, MD 20772

vs.

THE DISTRICT OF COLUMBIA

RECEIVED
Civil Clerk's Office
AUG 2 5 2014
Superior Court of the
District of Columbia
Washington, D.C.

14 - 0005282

Civil Action No.

SERVE: Hon. Vincent Gray
The Wilson Building
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004  \*

Irvin Nathan  \*
Attorney General, DC
1350 Pennsylvania Avenue, N.W.  \*
Washington, D.C. 20004

\*

and

\*

OFFICER JUSTIN M. TRUBY (SO448)
Individual and Official Capacity  \*
First District
Metropolitan Police Department  \*

and  \*

OFFICER MICHAEL DAVIS (#2345)  \*
Individual and Official Capacity
First District  \*
Metropolitan Police Department

\*

Defendants.

\*

COMPLAINT
(False Arrest; Infliction of Emotional Distress;
42 U.S.C. § 1983-Unwarranted Seizure; Negligent Supervision)

INTRODUCTION

1. This is a civil action seeking damages against the defendants for intentional misconduct

on the part of Officers Justin M. Truby and Michael Davis, members of the Metropolitan Police Department when they unlawfully seized plaintiffs and eventually falsely arrested plaintiff Ron Jenkins. This action seeks both compensatory and punitive damages against the defendants for the intentional acts of wrongdoing, unconstitutional acts and negligence under common law.

## JURISDICTION

2. This Court has original subject matter jurisdiction over this case by virtue of D.C. Code § 11-921.

## PARTIES

3. Plaintiffs, Ronald Anthony Barnes and Sharon Jenkins, were at all times relevant herein, residents of the District of Columbia and citizens of the United States.

4. Defendant District of Columbia is a municipal corporation and at all times herein was responsible for the actions of the members of its police department.

5. Defendant Truby is a Metropolitan Police Officer, and was so at all times herein relevant He is being sued in official and individual capacities.

6. Defendant Davis is a Metropolitan Police Officer, and was so at all times herein relevant He is being sued in official and individual capacities.

## Statement of Facts

7. On September 2, 2013, at approximately 2:45 p.m., the plaintiffs drove to the D.C. Wharf, located at 1000 Water Street, S.W. to purchase some seafood for the Labor Day Holiday weekend. As they entered the parking area, the plaintiffs observed a vehicle exiting a parking space, and they positioned themselves to park there. When the vehicle pulled out of the space, another driver discourteously pulled into the spot that they had been waiting for.

8. Mr. Jenkins advised the discourteous driver that he and his wife had been waiting for the spot and that it was not right that he had "stolen" the space that they had been waiting for. At about the same time, two other individuals were in the parking area and advised the plaintiffs that they were about to exit a spot that plaintiffs could have. The plaintiffs parked their vehicle in that spot and proceeded to the vending area where they purchased assorted seafood.

9. Upon returning to their vehicle, the plaintiffs were confronted by defendant Davis who asked Ron Jenkins if he had a knife. Ron Jenkins informed Officer Davis that he did not have a knife or any other weapon. Officer Davis then proceeded to search the plaintiffs' vehicle, the person of Ron Jenkins and then inappropriately the person of Sharon Jenkins. No knife was found because neither plaintiff had a knife.

10. Defendant Truby had arrived on the scene by this time, and he appeared to be acting in a supervisory position. Despite the fact that no weapon was found on the person of either plaintiff or in their vehicle, defendant Truby told defendant Davis to arrest plaintiff Ron Jenkins. Even though he had no probable cause whatsoever to arrest plaintiff Ron Jenkins, defendant Davis did so anyway and transported plaintiff Ron Jenkins to the 1st Police District for processing. As a result of his unlawful arrest, plaintiff Ron Jenkins was held in a jail cell for the Labor Day Holiday weekend.

11. At no time on September 2, 2013, did either of the plaintiffs engage in any illegal conduct of any kind.

12. At no time on September 2, 2013, did either defendant Truby or Davis ever observe the plaintiff engage in any illegal conduct of any kind.

13. At no time on September 2, 2013, did any probable cause of any kind exist for the arrest of either plaintiff.

14. At all times relevant to this action, the District of Columbia had in effect and was responsible for the policies and procedures followed by the defendant police officer in the actions taken relating to the plaintiffs.

15. Notice of this claim was provided to the District of Columbia on or about February 27, 2014.

## COUNT I
### (False Arrest)

16. Plaintiffs incorporate by reference paragraphs 1 through 15, as if fully set forth herein.

17. The defendants wrongfully and unlawfully arrested and detained the plaintiff even though no probable cause for his arrest existed.

18. As a direct proximate result of the false arrest of the plaintiff by the defendants, the plaintiff suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, and otherwise grossly mistreated.

WHEREFORE, the plaintiffs demand judgment against the defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against the defendant officers in the amount of one Million Dollars ($1,000,000.00) plus interest and costs.

## COUNT II
### (Negligent Supervision)

19. Plaintiffs incorporate, by reference, paragraphs 1 through 15 as if fully set forth herein.

20. At all times relevant herein, the defendant officers were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of defendant District of

Columbia.

21. Defendant District of Columbia acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor defendant Davis.

22. As a direct and proximate result of the acts and omissions of defendant District of Columbia, plaintiff was wrongfully and unlawfully searched, detained and arrested. As a result, plaintiffs have suffered mental anguish, embarrassment, humiliation and mental anguish.

WHEREFORE, the plaintiff demands judgment against the District of Columbia in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, plus interest and costs.

## COUNT III
### (Assault & Battery)

23. Plaintiff incorporates, by reference, paragraphs 1 through 15 as if fully set forth herein.

24. Defendant Davis, without proper grounds, conducted a full-body search of both plaintiffs, in public, for no legitimate reason at all.

25. As a direct and proximate result of defendants' willful, malicious and intentional actions, the plaintiff suffered severe mental anguish, embarrassment and humiliation bodily as they were subjected to full-body searches in a public parking area.

WHEREFORE, the plaintiffs demand judgment against the defendants, jointly and severally, in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages, punitive damages against defendant Davis in the amount of one Million Dollars ($1,000,000.00) plus interest and costs.

## COUNT IV
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

26. Plaintiffs incorporate, by reference, paragraphs 1 through 15 as is fully set forth herein.

27. Plaintiffs further allege that the defendant officers, with deliberate indifference to and in reckless disregard for the safety and well-being of the plaintiffs and in violation of the 4th Amendment to the Constitution, did on September 2, 2013 commit acts which deprived plaintiffs of their Constitutional right to be free from an unreasonable seizure.

28. As a direct and proximate result of the actions of the defendant officers, plaintiffs were deprived of their liberty and injured by the renegade defendant police officers, acting outside the parameters of law and decency.

Wherefore, plaintiffs demand judgment against the defendant officers, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Gregory L. Lattimer
Gregory L. Lattimer, [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-4513
Attorney for Plaintiff
E-mail lattlaw@aol.com