**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **RONALD E. JENKINS, <u>et al.</u>,** |
| Plaintiffs, |
| v. |
| **DISTRICT OF COLUMBIA, <u>et al.</u>,** |
| Defendants. |

Case No. 1:14-cv-01890 (CRC)

<u>**MEMORANDUM OPINION AND ORDER**</u>

Competition for parking spaces in Washington, D.C. can be fierce.  So it was on Labor Day

of 2013 when Plaintiffs Ronald and Sharon Jenkins allege a coveted spot was stolen from them by

another driver outside a popular seafood restaurant.  After the Jenkins exchanged words with the

other driver, the police arrived, questioned the couple, and ultimately arrested Mr. Jenkins.

Aggrieved by their supposed mistreatment, the Jenkins filed suit against two police officers and the

District of Columbia in D.C. Superior Court, alleging federal civil rights violations and several

common law torts.  One of the officers removed the case to this Court and the Jenkins have filed a

motion to remand.  Because the Court concludes that the second officer did not consent to removal

within the time required by 28 U.S.C. § 1446, it will grant the Jenkins' motion and remand the case

to the Superior Court.  The Court will deny the Jenkins' request for attorney's fees.

## I.      Background

The Jenkins filed their suit in the District of Columbia Superior Court on August 25, 2014,

claiming false arrest, negligent supervision, and assault and battery against all defendants, and for

violations of 42 U.S.C. § 1983 against the individual officers, Michael Davis and Justin M. Truby.

Compl. ¶¶ 16–28.  The Jenkins served a copy of the summons and complaint on the District on

October 10, served Officer Davis on October 13, and served Officer Truby on October 19.  Pls. Exs.

1–4 (Affidavits of Service).  The Superior Court docket reflects that the Jenkins filed proof of

service as to the District on October 10, 2014 and as to Officer Truby on October 20, 2014.  Pls. Ex.

6 (Superior Court Docket).  With no proof of service having been filed as to Officer Davis, the

court issued an order of dismissal on October 29, 2014 pursuant to Superior Court Rule of Civil

Procedure 4(m), which requires a plaintiff to file proof of service as to each defendant within 60

days of the filing of the complaint.  Id.  The Jenkins filed a motion to vacate the order of dismissal

on November 5, and the court reopened the case on November 10, requiring the Jenkins to file

proof of service as to Officer Davis.  Id.  Officer Davis removed the case to this Court that same

day, with the District's consent, and Officer Truby filed a separate notice consenting to the removal

on December 1.  The Jenkins then filed a motion to remand the case to the Superior Court,

contending that the Defendants failed to timely remove the case.

## II.   Analysis

In reviewing the motion to remand, the Defendants bear the burden of proving federal court

jurisdiction, Bhagwanani v. Howard Univ., 355 F. Supp. 2d 294, 297 (D.D.C. 2005), and the Court

strictly construes the procedural requirements to remove an action, Ballard v. District of Columbia,

813 F. Supp. 2d 34, 38 (D.D.C. 2011).  The Defendants removed this case pursuant to 28 U.S.C. §

1441(a), based on the Jenkins' federal law claim.  Thus, each defendant had 30 days after service on

that defendant to file the notice of removal, and all defendants were required to join or consent to

that notice.  28 U.S.C. § 1446(b)(2).  Any earlier-served defendant was permitted to consent to a

notice of removal filed by a later-served defendant "even though that earlier-served defendant did

not previously initiate or consent to removal."  Id. at § 1446(b)(2)(C).

The Jenkins contend the case should be remanded to the Superior Court because the

Defendants did not comply with the procedural requirements of 28 U.S.C. § 1446.  Specifically,

they argue that the District failed to file a notice of removal or consent to another defendant's notice

of removal within 30 days from when the District received service of the complaint.  They also

contend that Officer Truby failed to file a notice of consent within 30 days from his receipt of

service, also requiring a remand.  The Jenkins lastly ask for attorney's fees for the costs of filing

this motion.  The Court will address each of the Jenkins' arguments in turn.

A.  The District's Consent to Removal

The Jenkins claim that the District of Columbia should have either filed a notice of removal

or consented to another defendants' notice within 30 days after the District was served.  The District

was served on October 10, Officer Davis was served on October 13, and the District consented to

Officer Davis's notice of removal on November 10.  Pls. Exs. 1–3, 6.  Thus, according to the

Jenkins, the District's consent to Davis's notice of removal was untimely by one day, even though

Davis filed his notice of removal within 30 days from when *he* was served.  But 30 days after the

date the District was served was November 9, 2014.  Because that day was a Sunday, the District

had until the next business day, November 10, 2014, to consent even if it was required to consent

within 30 days from when it was served.  See Fed. R. Civ. P. 6(a)(1)(C).  The District's consent was

therefore timely.

B.  Officer Truby's Notice of Consent

Under the "rule of unanimity" each properly-served defendant must consent to the removal

of a state court action.  28 U.S.C. § 1446(b)(2)(A); Hurt v. District of Columbia, 869 F. Supp. 2d

84, 86 (D.D.C. 2012); Ficken v. Golden, 696 F. Supp. 2d 21, 26 (D.D.C. 2010).  Members of this

court applying that rule have required each defendant to consent to removal within 30 days from the

date that particular defendant was served.  Hurt, 869 F. Supp. 2d at 86 n.2 (citing Ballard, 813 F.

Supp. at 38).  Officer Truby was the last-served defendant, and he did not consent to Officer Davis'

notice of removal within 30 days of the date he was served.  Thus, his consent was untimely, and

the case must be remanded, unless the Defendants provide grounds to excuse his untimeliness.[1]

The Defendants contend that the deadline for Truby to consent was extended because Truby had been dismissed from the case by the Superior Court on October 29 and was only reinstated on November 10, 14 days before he consented to service.  The Jenkins respond that *Officer Davis* was dismissed, not Officer Truby; that even if the Superior Court's dismissal order referred to Officer Truby, his time to consent was not extended because the dismissal was later vacated and never took effect; and that even if the deadline to consent was extended by 14 days, Officer Truby's notice of consent still was untimely.

The Superior Court docket for this case appears to indicate that Officer Davis, not Officer Truby, was dismissed because the Jenkins' failed to timely submit an affidavit of service as to him. The docket reflects that the Jenkins submitted timely affidavits of service as to Officer Truby and the District; the court then entered an entry of dismissal pursuant to Superior Court Rule 4(m), which governs a failure to timely serve a defendant; and the court then granted the Jenkins' motion to vacate that dismissal, requiring them to serve Officer Davis within a month of the new order. Pls. Ex. 6.  There would have been no valid basis for the Superior Court to dismiss Officer Truby for failure to timely serve under Superior Court Rule 4(m) because the Jenkins filed proof of service as to him within 60 days of bringing their complaint.  Instead, because the Jenkins neglected to file proof that they had served Officer Davis, the Court reads the Superior Court order of dismissal to refer to Officer Davis, not Officer Truby.  Accordingly, because Officer Truby was never dismissed

---

[1]  In late 2011, 28 U.S.C. § 1446 was modified to codify the rule of unanimity and effect other changes to removal procedure in multi-defendant cases.  Under the new rule, an earlier-served defendant may consent to a notice of removal filed by a later-served more than 30 days after the earlier service of process, so long as the later-served defendant files the notice of removal within 30 days of when that defendant was served.  See id. at § 1446(b)(2)(C) (earlier-served defendant permitted to consent to a notice of removal filed by a later-served defendant "even though that earlier-served defendant did not previously initiate or consent to removal").  That change does not ameliorate Officer Truby's defective consent, however, because he was served after Officer Davis.

from the case, he was required to file a notice of removal or consent to removal by November 18, and his failure to do so is not excused. Although the Superior Court's order of dismissal is not a model of clarity, because the procedural requirements for removal are to be strictly construed against defendants, Ballard, 813 F. Supp. 2d at 34, the Court will grant the Jenkins' motion to remand.

    C. Attorney's Fees

    28 U.S.C. § 1447(c) permits a district court, in its discretion, to award attorney's fees when granting a motion to remand. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). There is no doubt that the Defendants had an objectively reasonable basis to believe that this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1441(a) because the Jenkins have brought federal law claims under 42 U.S.C. § 1983. And the legal questions and factual record involved in this motion are far from unambiguous. Accordingly, the Court will deny the Jenkins' request for an award of attorney's fees.

    **III.    Conclusion**

    For the foregoing reasons, it is hereby

    **ORDERED** that [9] Plaintiffs' Motion to Remand to State Court is GRANTED in part and DENIED in part. It is further

    **ORDERED** that this case is remanded to the Superior Court of the District of Columbia.

    **SO ORDERED.**

                                      _____
                                      CHRISTOPHER R. COOPER
                                      United States District Judge

Date:    February 10, 2015